| | |
|---|---|
| Russell L. Lichtenstein<br>**Cooper Levenson, P.A.**<br>1125 Atlantic Avenue<br>Atlantic City, NJ  08401<br>(609) 344-3161 | Christopher J. Michie<br>Bruce W. Clark<br>**Clark Michie LLP**<br>103 Carnegie Center, Suite 300<br>Princeton, NJ  08540<br>(609) 955-3476 |

Attorneys for Defendant Marina District Development Company, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAVI MOTWANI and BARRY CASSELL, Individually and on behalf of a Class of Similarly Situated Individuals,<br><br>Plaintiffs,<br><br>v.<br><br>MARINA DISTRICT DEVELOPMENT COMPANY, LLC, d/b/a Borgata Hotel Casino and Spa,<br><br>Defendants. | : : : : : : : : : : : : : : | CIVIL ACTION NO.<br><br><br><br><br><br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1446 and 1453(b) |

**TO THE CLERK OF THE UNITED STATES DISTRICTY COURT FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that defendant Marina District Development Company, LLC ("MDDC"), Suite 1900, Atlantic City, New Jersey 08401, hereby removes to this Court the state court action filed by Plaintiffs Ravi Motwani, 772 Prospect Street, Westfield, New Jersey 07090, and Barry Cassell, 74 Oak Drive, Upper Saddle River, New Jersey 07458, individually and on behalf of a class of similarly situated individuals. In support of this removal, MDDC states the following:

1. On or about January 12, 2015, Plaintiffs commenced an action in the Superior Court of New Jersey, Law Division, Bergen County, encaptioned *Motwani, et al. v. Marina District Development Company, LLC*, Docket No. L-276-15.

2. Defendant has not yet been formally served with a Summons and Complaint.

3. Defendant signed an Acknowledgment of Service of the Summons and Complaint effective March 12, 2015.

4. A copy of the Summons, Complaint and Acknowledgment of Service is attached as Exhibit A.

5. This Notice of Removal is being timely filed pursuant to 28 U.S.C. §1446(b).

6. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2) in that the matter in controversy exceeds the sum of Five Million Dollars ($5,000,000.00), exclusive of interest and costs, and is a class action in which a members of the class of plaintiffs are citizens of a state different from the defendant.

7. The putative Class is defined as including:

All individuals who received parking vouchers from the Borgata within the past six years who at any time sought to utilize such vouchers that contained either of the following:

- Language indicating "unlimited free parking"; and/or

- Multiple coupons (whether by way of perforation or otherwise) with each multiple coupon containing language indicating "free parking one time per month" for overlapping time periods.

Compl. ¶ 27.

8. Based on its preliminary investigation, MDDC states that the putative Class as defined includes more than 50,000 individuals.

9. Defendant MDDC is a New Jersey limited liability company and has its principal place of business in New Jersey. MDDC is therefore a citizen of New Jersey for jurisdictional purposes. See 28 U.S.C. § 1332(d)(10) ("unincorporated association" is a citizen of the State under whose laws it is organized and the State where it has its principal place of business"); Ferrell v. Express Check Advance of SC LLC, 591 F.3d 698, 699-700 (4th Cir. 2010) ("limited liability company is an 'unincorporated association' as that term is used in this provision").

10. According to the Complaint, the named plaintiffs are citizens of New Jersey. Compl. ¶¶ 9-10.

11. However, the putative class itself is not limited to New Jersey citizens. Compl. ¶ 27.

12. Based on its investigation, MDDL believes that the putative class includes thousands of individuals who are citizens of states other than New Jersey. See Certification of Steve Nathan, attached as Exhibit B.

13. Thus, there is diversity of citizenship between the defendant and a member of the class. See 28 U.S.C. § 1332(d)(2)(A) (diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant").

14. The putative Class asserts claims (1) for alleged violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. ("NJCFA"); (2) for alleged violations of the New Jersey Truth in Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14, et. seq. ("NJTCCWNA"); (3) common law fraud; (4) negligent misrepresentation and promissory estoppel. Compl. ¶¶ 37-69.

15. Plaintiffs seek actual and treble damages under the NJCFA, Compl. ¶ 45, statutory damages of "not less than $100" per class member under NJTCCWNA, id. ¶ 52, and punitive damages for common law fraud. Id. ¶ 57. Plaintiff also seeks attorney's fees and costs. Id. ¶¶ 45, 51, 57, 64, 69.

16. Thus the amount in controversy exceeds, $5,000,000, exclusive of interest and costs.

WHEREFORE, Defendant Marina District Development Company, LLC, respectfully requests that this action be removed to the United States District Court for the District of New Jersey.

_/s/ Russell L. Lichtenstein_
Russell L. Lichtenstein (Attorney ID )
**Cooper Levenson, P.A.**
1125 Atlantic Avenue
Atlantic City, NJ  08401
(609) 344-3161

_/s/ Bruce W. Clark_
Christopher J. Michie (Attorney ID 005561995)
Bruce W. Clark  (Attorney ID 022131983)
**Clark Michie LLP**
103 Carnegie Center
Suite 300
Princeton, NJ  08540
(609) 955-3476

Attorneys for Defendant
Marina District Development Company, LLC

Dated:  March 23, 2015

4

## CERTIFICATE OF SERVICE

I certify that on March 23, 2015, I served a copy of the above Notice of Removal on plaintiffs' counsel by first-class mail addressed to Bruce H. Nagel, Esq., Nagel Rice, LLP, 103 Eisenhower Parkway, Suite 103, Roseland, NJ 07068.

_____
Bruce W. Clark