<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAVI MOTWANI, etc., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARINA DISTRICT DEVELOPMENT COMPANY, LLC, etc., <br><br> Defendant. | Civil Action No. 15-2069 (JLL) (JAD) <br><br><br> **OPINION** |

**LINARES,** District Judge**.**

This matter comes before the Court on a Motion to Dismiss Plaintiffs' Complaint by Defendant Marina District Development Company pursuant to Fed. R. Civ. P. 12 (b) (6). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's Motion to Dismiss is denied.

## I.   BACKGROUND

Defendant, Marina District Development Corporation, LLC d/b/a the Borgata Hotel Casino & Spa ("Borgata"), operates a casino in Atlantic City, New Jersey. Cmp., ¶ 11. Plaintiffs, Ravi Motwani and Barry Cassell, are members of Borgata's customer loyalty program. *Id.*, ¶ 12. Pursuant to the loyalty program, "reward members" receive certain benefits, such as receiving vouchers for free parking. *Id.*, ¶¶ 1, 12. The vouchers which are the subject of this dispute came in two specific forms. *Id.,* ¶¶ 3, 4.

Ravi Motwani, using the first type of voucher in dispute, alleges that he received a parking voucher purportedly providing him with "unlimited free parking" for the month of April 2014. *Id.*,

¶ 14. He claims that on April 5, 2014 he traveled to the Borgata and that after spending some time there dining and gambling he exited the casino parking lot. *Id.* He went back to the parking lot later that same day but his attempt to use the voucher a second time when he exited the parking lot was rejected. *Id.* Plaintiff alleges that it was only then that he discovered the small fine print limiting the unlimited free parking to once per day. *Id.* Plaintiff was then required to pay the parking fee to exit the lot. *Id.*, ¶ 18.

Barry Cassell used the second form of voucher on the same day as Mr. Motwani.[1] *Id.*, ¶ 22. Upon exiting the parking lot, he used the first of his two vouchers without incident. *Id.*, ¶ 23. He re-entered the parking lot a second time that day. *Id.* Upon exiting, he sought to use his second voucher but Plaintiff claims that the attendant refused to accept the voucher, telling him that his use of the first voucher invalidated the second one. *Id.*

In light of the foregoing, Plaintiff commenced this action on January 12, 2015 as a putative class action in the Superior Court of New Jersey, Law Division, Bergen County. [ECF No. 1]. Defendant removed this action to this Court pursuant to the Class Action Fairness Act ("CAFA"), Pub L. No. 109–2, 119 Stat 4 (2005), codified at 28 U.S.C. §§ 1332, 1446 and 1453(b) on March 23, 2015. *Id.* Plaintiff alleges the following claims: (1) violation of the New Jersey Consumer Fraud Act; (2) violation of the Truth-in-Consumer Contract Warrant and Notice Act ("TCCWNA"); (3) common law fraud; (3) negligent misrepresentation; and (5) promissory

---

[1] The two parking vouchers Mr. Cassell received were "on a single sheet, separated by perforations designed for the consumer to rip into multiple parts, and with each of the two separate and divisible vouchers including the language 'Free Parking One Time Per Month.'" Cmp., ¶ 20.

estoppel. Cmp., ¶¶ 37-69. Currently before the Court is Defendant's motion to dismiss in part Plaintiffs' Complaint pursuant to Rule 12 (b) (6).[2]

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3rd Cir.2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.* Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without

---

[2] Defendant moves to dismiss all claim asserted by Plaintiff Motwani but only the TCCWNA claim asserted by Plaintiff Cassell.

3

reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3rd Cir. 1994).

### III. DISCUSSION

#### A. New Jersey Consumer Fraud Act Claim

To state a claim pursuant to the New Jersey Consumer Fraud Act ("NJCFA"), plaintiff must allege: (1) unlawful conduct, (2) an ascertainable loss, and (3) a causal connection between defendants' alleged unlawful conduct and plaintiff's ascertainable loss. *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 389 (N.J. 2007).

Additionally, to adequately state a claim under the NJCFA, not only must a plaintiff allege facts sufficient to establish the elements discussed above, but those allegations must be plead with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. *See Rait v. Sears, Roebuck and Co.*, No. 08–2461, 2009 WL 250309, at * 4 (D.N.J. Feb.3, 2009); *Parker v. Howmedica Osteonics Corp.*, No. 07–2400, 2008 WL 141628, at *3 (D.N.J. Jan.14, 2008). These requirements may be satisfied "by pleading the date, place or time of the fraud, or through alternative means of injecting precision and some measure of substantiation into [the] allegations of fraud." *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004) (internal quotations omitted).

Based on the reasons that follow, the Court is not persuaded by Defendant's argument that Plaintiff Motwani's consumer fraud act claim must be dismissed. The Court finds that Plaintiff adequately alleges that Defendant engaged in an "unlawful practice" within the meaning of the Act. *See* N.J.S.A. § 56:8–2; *Federico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007). The NJCFA defines "unlawful practice" as:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment,

4

> suppression or omission, in connection with the sale or advertisement of any merchandise ....

N.J.S.A. § 56:8–2.  This broad definition of unlawful practice covers affirmative acts and knowing omissions, as well as regulatory violations.  *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 647 A.2d 454, 462 (N.J.1994).  Affirmative acts must be misleading and must "stand outside the norm of reasonable business practice in that it will victimize the average consumer." *Turf Lawnmower Repair, Inc. v. Bergen Record Corp.*, 139 N.J. 392, 416 (1995).

The Court finds that Plaintiff has sufficiently plead a violation of the NJCFA.  Specifically, Plaintiff alleges the date, place and time of the fraud.  He sets forth in the Complaint what unlawful conduct he claims constitutes fraud, *i.e.*, that the parking voucher he received is both deceptive and misleading.  Plaintiff has attached to the Complaint the allegedly unlawful voucher.  He also sets forth facts to indicate the how and why of the fraud, *i.e.*, that Defendant provided the parking vouchers to its reward members in an effort to induce its reward members to patronize its casino.  Finally, Plaintiff alleges an ascertainable loss, having to pay for parking to exit Defendant's lot, and the causal connection, that he sustained the loss due to Defendant's misrepresentation.  Accepting all of these facts as true, as this Court is required to do at this stage of the litigation, it is clear that Plaintiff has stated a claim for a violation of the NJCFA.  Accordingly, Defendant's motion to dismiss Plaintiff's NJCFA claim is denied.

### B.  Truth-in-Consumer Contract Warrant and Notice Act Claim

The TCCWNA prohibits any seller from offering or entering into any "written consumer contract" that "violates any clearly established legal right of a consumer." N.J. Stat. Ann. § 56:12–15.  The TCCWNA provides in pertinent part:

> No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written

5

> consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

*Id.*

Defendant claims that Plaintiffs' TCCWNA claims must be dismissed because a claim under the TCCWNA arises only from a violation contained within the four corners of the document but that the consumer right alleged to be violated in the instant action did not occur at the time the contract was entered, but rather, only later, once Defendant refused to honor the voucher.

Plaintiffs argue that their TCCWNA claim is present within the four corners of the document because the vouchers themselves contain misleading information specifically designed to lure consumers into thinking they would receive free and/or unlimited parking. Plaintiff also maintain that it was Defendant's practice to injure their customers through the use of these deceptive parking vouchers.

Ravi Motwani, alleges that he received a parking voucher purportedly providing him with "unlimited free parking" for the month of April 2014. *Id.*, ¶ 14. He claims that on April 5, 2014 he traveled to the Borgata and that after spending some time there dining and gambling he exited the casino parking lot. *Id.* He went back to the parking lot later that same day but his attempt to use the voucher a second time when he exited the parking lot was rejected. *Id.* Plaintiff alleges that it was only then that he discovered the small fine print limiting the unlimited free parking to once per day. *Id.* Plaintiff was then required to pay the parking fee to exit the lot. *Id.*, ¶ 18. Barry Cassell used the second form of voucher on the same day as Mr. Motwani. *Id.*, ¶ 22. Upon exiting the parking lot, he used the first of his two vouchers without a problem. *Id.*, ¶ 23. He re-entered the parking lot a second time. *Id.* Upon exiting, he sought to use his second voucher but Plaintiff

6

claims that the attendant refused to accept the voucher, telling him that his use of the first voucher invalidated the second one. *Id.* Plaintiffs also claim in the Complaint that:

> [the Borgata] engaged in unfair and deceptive acts and practices in violation of the Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.
>
> [the Borgata] engaged in false misleading and deceptive acts or practices in trade or commerce, by failing to comply with its express and implied promises made in its written offers to provide free parking in exchange for Plaintiffs frequenting the Borgata[,] … by issuing vouchers that purported to provide the user with "Unlimited Free Parking" over the course of a particular month, but which the Borgata thereafter would honor only on a limited one-per-day basis[,] … by issuing multiple free parking vouchers under a circumstance where the Borgata thereafter would only honor one such voucher.
>
> By parking their cars in the Borgata's parking facility a bailment relationship is established between the rewards member and the Borgata.  Further, the parking vouchers violate the NJ Consumer Fraud Act which provides clearly established rights under New Jersey law.

Cmp., ¶¶ 39, 40, 41, 50.

Based on all of these allegations set forth in the Complaint, the Court finds that Plaintiffs have alleged sufficient facts to state a claim for a violation of their clearly established rights under the TCCWNA and that the alleged violation of their rights is contained within the four-corners of the documents.  Accordingly, Defendant's motion to dismiss Plaintiffs' TCCWNA claim is denied.

### C. Common Law Fraud Claim and Negligent Misrepresentation

To state a claim for common law fraud, a Plaintiff must plead sufficient facts to raise a plausible inference that: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting in damages." *Gotthelf v. Toyota Motor Sales, U.S.A ., Inc.*, No. 10–4429, 2012 U.S. Dist. LEXIS 62045, at *53–54, 2012

7

WL 1574301 (D.N.J. May 3, 2012) (Linares, J.) (citing *German v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997)).  A plaintiff must plead a common law fraud claim with particularity pursuant to Rule 9(b).  *Id.*

For a claim of negligent misrepresentation, Plaintiff must allege that: "(1) the defendant negligently provided false information; (2) the plaintiff was a reasonably foreseeable recipient of that information; (3) the plaintiff justifiably relied on the information; and (4) the false statements were a proximate cause of the plaintiff's damages."  *Gaelick v. Connecticut Gen. Life Ins. Co.*, 2011 WL 3794228, at *5 (D.N.J. Aug. 25, 2011) (citing *McCall v. Metro. Life Ins.*, 956 F.Supp. 1172, 1186 (D.N.J. 1996)).

Defendant claims that Plaintiff Motwani's common law fraud and negligent misrepresentation claims must be dismissed because the express language of the voucher negates any allegation of misrepresentation, or justifiable or reasonable reliance.  However, the Court finds that Plaintiff Motwani states claims of common law fraud and negligent misrepresentation because Plaintiff alleges with particularity facts sufficient to demonstrate that Defendant provided false or misleading information, Defendant knew such information to be false, Plaintiff was a foreseeable recipient of the false information, Plaintiff reasonably or justifiably relied on the false information and that false information was the proximate cause of Plaintiff's resulting damages.  Therefore, Defendant's motion to dismiss Plaintiff's common law fraud and negligent misrepresentation claims is denied.

**D.  Promissory Estoppel**

To state a claim for promissory estoppel, Plaintiff must allege that: (1) there was a clear and definite promise by the promisor; (2) made with the expectation that the promisee will rely thereon; (3) that the promisee reasonably relied on the promise; (4) to the promisee's definite and

substantial detriment. *Toll Bros. Inc. v. Board of Chosen Freeholders of County of Burlington*, 194 N.J. 233 (2007).

Defendant argues that this Court must dismiss Plaintiff Motwani's promissory estoppel claim because reasonable reliance is precluded on the basis that the "express language of the voucher contradicts and rebuts Motwani's characterization of what was represented" and "the presumption of knowledge is imputed to Plaintiff Motwani." However, the Court is unpersuaded by Defendant's argument on this point and finds that Plaintiff adequately alleges a claim of promissory estoppel and that he reasonably relied on Defendant's promise of "unlimited" parking. Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's promissory estoppel claim.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is denied. An appropriate Order accompanies this Opinion.

DATED: May 29, 2015

                                                   s/ Jose L. Linares
                                                   JOSE L. LINARES
                                                   U.S. DISTRICT JUDGE